IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | :CHAPTER 7 |
| | : |
| JAMES E. MILLER, JR., | :CASE NO. 1-09-bk-09109 |
|     Debtor | : |
| | : |
| MARKIAN R. SLOBODIAN, Trustee for the | : |
|   Bankruptcy Estate of James E. Miller, Jr., | :ADVERSARY NO. |
|     Plaintiff | : |
| | : |
|     v. | : |
| | : |
| BANK OF AMERICA, | : |
|     Defendant | : |

## TRUSTEE'S COMPLAINT TO AVOID PREFERENTIAL TRANSFER

**NOW COMES** Markian R. Slobodian, Esq., Trustee in the above-captioned case, and hereby requests this Honorable Court to void a preferential transfer of an interest in property of the Debtor to or for the benefit of a creditor pursuant to Section 547(b) of the Bankruptcy Code. In support of this Complaint, the Trustee states as follows:

1. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §157(b)(2)(F) (Core Proceeding) and 11 U.S.C. §547.

2. The Plaintiff is Markian R. Slobodian, Esq., the duly appointed Chapter 7 Trustee in the above-captioned case.

3. On November 24, 2009, the Debtor filed the within bankruptcy petition.

4. Within 90 days preceding the fililng of the Debtor's bankruptcy petition, Defendant was a creditor of the Debtor.

5. On or about August 27, 2009 Debtor transferred to Defendant an interest or interests of the Debtor in property, including, but not necessarily limited to, entry of a judgment by default in the Court of Common Pleas of Dauphin County against Debtor and in favor of

Defendant in the amount of approximately Seventy-Eight Thousand Four Hundred Sixty-Six Dollars and 30/100 ($78,466.30) to No. 2009-CV-06588 (the "Transfer").

6. The Transfer to Defendant was made on account of an antecedent debt owed by the Debtor to the Defendant before such transfer was made.

7. The Transfer to Defendant was made while the Debtor was insolvent.

8. The Transfer to Defendant was made within 90 days before the date of filing of the within bankruptcy petition.

9. The Transfer enabled Defendant to receive more than Defendant would have received had the Transfer not been made, the case were a case under Chapter 7 of the Bankruptcy Code, and Defendant had instead received payment on its claim as a distribution from the Chapter 7 Trustee.

10. Plaintiff is entitled to recover the Transfer for the benefit of Debtor's Bankruptcy Estate.

**WHEREFORE,** Trustee requests this Court enter an Order:

a. voiding the Transfer to the Defendant;

b. voiding the Defendant's judgment and authorizing Plaintiff to file an Order voiding the judgment with the Prothonotary of Perry County; and

c. granting such other relief as the Court may deem equitable and just.

Respectfully submitted,

**THE LAW OFFICES OF MARKIAN R. SLOBODIAN**

/s/Markian R. Slobodian

_____
**MARKIAN R. SLOBODIAN, ESQ.**
801 North Second Street
Harrisburg, PA   17103
717-232-5180
Attorney for Trustee

Dated: 3/3/10